UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| RONNIE FORD, | ) | Civil Action No.: 4:07-3734-TLW-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| MUSASHI SC, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## I.    INTRODUCTION

This is an employment discrimination case based upon race.  Plaintiff, an African American, alleges that his current employer, the defendant, committed racial discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq, and 42 U.S.C. § 1981.  The Plaintiff also alleges a state law claim for "breach of contract – bad faith" based upon the employee handbook.  Presently before the Court is the Defendant's November 15, 2007, Partial Motion to Dismiss (Document # 4) portions of the Complaint and the Plaintiff's December 2, 2007, Motion to Amend Complaint (Document #10).  All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), DSC.  Because the Partial Motion to Dismiss is a dispositive motion, this report and recommendation is entered for review by the district judge.

## II.    STANDARD OF REVIEW

Defendant brings its motion to dismiss pursuant to Rule 12(b)(6), Fed.R.Civ.P.  A motion to dismiss under Rule 12 tests the sufficiency of the complaint.  It does not resolve conflicts of facts.

A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. It does not resolve conflicts of facts, the merits of the claim, or the applicability of defenses asserted. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). In considering a motion to dismiss, the factual allegations in the complaint are accepted as true and the plaintiff is afforded the benefit of all reasonable inferences that can be drawn from those allegations. Mylan Laboratories, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).

However, to survive a motion under Rule 12(b)(6), a plaintiff must not simply allege "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007); Revene v. Charles County Comm'rs, 882 F.2d 870,873 (4th Cir. 1989) (unsupported legal allegations or conclusory factual allegations devoid of any reference to actual events is insufficient). Plaintiff's allegations "must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S.Ct. at 1965.

## III.    FACTUAL HISTORY IN THE LIGHT MOST FAVORABLE TO PLAINTIFF

The Plaintiff, an African American male, resides in South Carolina and the Defendant is located in South Carolina. Complaint at ¶¶ 2,3,9. The Plaintiff is currently employed by the Defendant as a fluid technician in the maintenance department of the Defendant's Bennettsville, South Carolina plant. Complaint at ¶ 19. The Defendant, an American subsidiary of a Japanese company, manufacturers gears. Complaint at ¶¶ 19-20. The Plaintiff, a former member of the United States Marine Corps who has significant experience in the area of maintenance, has been

employed by the Defendant from at least 2006 to the present.[1]  Complaint at ¶¶ 10,11,21.  When the Plaintiff began his employment with Defendant, he was issued an employee handbook ("the handbook") that set forth the Defendant's policies and procedures including a prohibition on discrimination, harassment, and retaliation.  Complaint at ¶¶ 12-13.

During the Plaintiff's employment in 2006, he "witnesses the handing of a noose in the plant."  Complaint at ¶ 21.  In September of 2006, Plaintiff applied for a promotion to a maintenance position.  Complaint at ¶ 24.  Plaintiff was qualified for the position and the Defendant considered him "an exemplary employee."  Complaint at ¶¶ 23,26.  On October 15, 2006, Plaintiff was denied the promotion and a white individual was hired.  Complaint at ¶¶ 27-28.  Human Resources told the Plaintiff that "he was two (sic) valuable in his present position to be promoted to a maintenance technician position."  Complaint at ¶ 25.  As a result of the Plaintiff not receiving the promotion, he filed a charge of racial discrimination ("the first charge") with the South Carolina Human Affairs Commission ("SHAC") on November 6, 2006.  Complaint at ¶¶ 29-30.  The Defendant learned of that discrimination charge in 2007.  Complaint at ¶ 31.  The Plaintiff received a right-to-sue letter for the racial discrimination charge on July 13, 2007.  Complaint at ¶ 6.

During the Plaintiff's employment, he sought further training related to his position, but the Defendant denied the Plaintiff's opportunity to seek further training.  Complaint at ¶¶ 41-42.  The "Plaintiff was denied the further training in retaliation of his complaints" and "other white employees with less seniority were allowed to seek further training."  Complaint at ¶¶ 43-44.  At some point during the Plaintiff's employment, he received an "exceeds" on his evaluation.  Complaint at ¶ 32.

---

[1] The beginning employment date is unknown, and the Plaintiff may have been employed with the Defendant for years prior to 2006.  This fact is not relevant to deciding the motions before the court.

In May of 2006, the Plaintiff received a "meets" on his evaluation "in order to prevent the Plaintiff from advancing in the company." Complaint at ¶¶ 33,35. The Defendant "offered the Plaintiff no explanation for the 'meets all requirement.'" Complaint at ¶ 34.

The Plaintiff filed a charge with SHAC alleging retaliation ("the second charge") on July 24, 2007. Complaint at ¶ 5. In August of 2007, the Plaintiff, who was qualified, again applied for a promotion to the maintenance technician position, but the Defendant filled the position with a less qualified white individual. Complaint at ¶ 36-39. On or about October 5, 2007, the Plaintiff filed this lawsuit against the Defendant in the Marion County Court of Common Pleas. The Defendant removed this action to the United States District Court based upon federal question subject matter jurisdiction and supplemental jurisdiction over the state law claim. *See* Notice of Removal (Document #1). On November 15, 2007, the Defendant filed a Partial Motion to Dismiss requesting this Court to dismiss the Plaintiff's second cause of action for retaliation and the third cause of action for "breach of contract – bad faith," both for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). Fed. R. Civ. P. 12. On December 2, 2007, Plaintiff filed a Response (Document # 8) and a Motion to Amend the Complaint with an attached proposed Amended Complaint (Document #10). On December 10, 2007, the Defendant filed a Reply (Document #13), and on December 20, 2007, it filed a Response brief (Document # 15) requesting that this Court deny the Plaintiff's Motion to Amend, or in the alternative, stay the Motion to Amend until after the Court rules on its Partial Motion to Dismiss.

For purposes of determining the Defendant's Partial Motion to Dismiss portions of the Complaint, the court is *not* considering the contents of the proposed Amended Complaint. However, for explanatory purposes, the court summarizes the additional facts set forth in the proposed

Amended Complaint: the Plaintiff has not received a "right-to-sue" letter relating to his July 24, 2007, charge of retaliation (Am. Complaint at ¶ 5); on September 28, 2006, the Plaintiff requested additional training from the Defendant who denied the request (Am. Complaint at ¶¶ 26,27); the Plaintiff requested further education classes given at MSC on December 18, 2006, but his requests were denied  (Am. Complaint at ¶¶ 38,39).   The proposed Amended Complaint changes the Plaintiff's legal strategy for the second cause of action.  In the original Complaint, the alleged retaliation was in violation of 42 U.S.C. § 1981 and Title VII, while in the proposed Amended Complaint, the alleged retaliation is solely in violation of 42 U.S.C. § 1981.

**IV.    DISCUSSION**

A.      Breach of Contract – Bad Faith

The Plaintiff's third cause of action is for "breach of contract – bad faith," which the court presumes to be a claim under South Carolina law that the Defendant had issued an employee handbook to the Plaintiff which altered the terms of his employment "at-will" status and that the Defendant breached the promises in the handbook (i.e., the contract).  See Hessenthaler v. Tri-County Sister Help, Inc., 616 S.E.2d 694, 697 (S.C. 2005) (noting that at-will employment status may be altered by the terms of an employee handbook such that an employee, when fired, may bring a cause of action for wrongful discharge based upon breach of contract).  The Plaintiff alleges that the handbook contained policies and procedures which prohibited discrimination, harassment, and retaliation.  Complaint at ¶¶ 65-76.  The Defendant allegedly breached the handbook policies and procedures by assuring the Plaintiff "that he would not be discriminated against or retaliated against," by failing to follow its policies and procedures, and "by allowing the Plaintiff to be retaliated against, to be harassed and discriminated against."  Id.

-5-

The Defendant contends that the Plaintiff's factual allegations as a matter of law do not provide a sufficient basis for a breach of contract claim.  The Defendant submits that, assuming in the handbook the Defendant recited its obligations under federal and state anti-discrimination laws, those nondiscrimination provisions of the handbook are not enforceable in a contract suit.  In other words, the Defendant argues that it did not create contractual obligations to the Plaintiff by reciting its statutory obligations to be fair and nondiscriminatory.  Cf. Abraham v. Palmetto Unified School Dist. No. 1, 538 S.E.2d 656, 660-61 (S.C. Ct. App. 2000) (finding that summary judgment on the breach of contract claim was proper because statutory provisions governing compensation, salary adjustments and annual leave did not evidence an employment contract, but noting that the employees did not argue that the handbook gave rise to a contract).  This Court agrees with the Defendant that under South Carolina law where an employee handbook provides a general policy statement of nondiscrimination such a "provision does not constitute a promise altering the at-will employment relationship and giving rise to a breach-of-contract claim." Hessenthaler v. Tri-County Sister Help, Inc., 616 S.E.2d 694, 698 (S.C. 2005).  See e.g. Brooks v. Alltel Commc'n., Inc., C/A No. 6:00-2603-HMH-WMC (February 26, 2001 Order) (granting defendant's motion to dismiss breach of contract claim because Alltel's independent promise to be nondiscriminatory did not create a contract where Alltel was statutorily required to do so).

In Hessenthaler, the South Carolina Supreme Court explained that an employee handbook may constitute a contract if it contains enforceable promises such as a mandatory progressive discipline procedure.  Hessenthaler, 616 S.E.2d at 697-98.  If an employer does not intend its handbook to create a contact, it must include a conspicuous disclaimer which is signed by the employee.  Id. at 697 n.5.  However, if a handbook has a conspicuous disclaimer but it also contains

enforceable promises, generally a jury should decide if the handbook constitutes a contract.  Id. at 697.  On the other hand, if a handbook contains a conspicuous disclaimer *and* it is clear that the handbook does not contain an enforceable promise, as a matter of law no breach of contract claim will lie.  Id.  In the case sub judice, the Complaint does not mention a disclaimer in the employee handbook or whether or not it was conspicuous.  Assuming, for the sake of argument, no conspicuous disclaimer, the Plaintiff does not allege any enforceable handbook promises[2], for example regarding disciplinary procedure or termination decisions, apart from the Defendant's promise to be fair and nondiscriminatory which is statutorily required, such a handbook provision cannot give rise to a breach of contract claim.  See Plaintiff's Response (Document #8 at p.6); See also Hessenthaler, 616 S.E.2d at 698 (noting that "[t]o be enforceable in contract, general policy statements must be definitive in nature, promising specific treatment in specific situations").  Accordingly, this court should grant the Defendant's Partial Motion to Dismiss the third cause of action.

     B.    Retaliation

The Defendant moves to dismiss the second cause of action for retaliation in violation of Title VII and 42 U.S.C. § 1981 on the ground that the Complaint fails to allege facts sufficient to support this claim.  The Defendant relies on Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955 (2007), as the legal standard to decide whether a plaintiff has sufficiently pled his complaint to withstand a motion to dismiss.  The Defendant asserts that pursuant to Twombly, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and

---

    [2]In fact, the Complaint alleges that the promises and assurances were verbally made rather than in the handbook itself.  See Complaint at § 70.

a formulaic recitation of the elements of a cause of action will not do... ." Id. at 1964.  The Plaintiff argues that the Twombly case was specific to what a plaintiff must plead in order to state a claim under § 1 of the Sherman Act and that the standard enunciated by the Supreme Court in Swierkiewicz v. Sorema N. A., 534 U.S. 506 (2002), an employment discrimination case, must be applied.  The Swierkiewicz decision held that a heightened pleading standard for Title VII cases was contrary to the Federal Rules' liberal pleading requirements.  Twombly, 127 S.Ct. at 1973.

This court notes that the Federal Rules of Civil Procedure require a short and plain statement of a claim for relief that provides fair notice to the opposing party.  CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1218 (2008).  After Twombly, courts have wrestled with "whether the Supreme Court imposed a new "plausibility requirement" at the pleading stage that materially alters the notice pleading regime" and whether the "plausibility requirement" applies outside of the antitrust context.  5 FEDERAL PRACTICE & PROCEDURE SUPPLEMENTAL SERVICE § 1215 (July 2008).  This court believes that the Fourth Circuit Court of Appeals does *not* limit Twombly to antitrust cases and that "a complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is *plausible* on its face.'"  See Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (applying the Twombly standard in a prisoner § 1983 action).  See also Ruttenberg v. Jones, No. 07-1037, 2008 WL 2436157 at *5 (4th Cir. 2008) (citing Twombly for the Rule 12(b)(6) standard in a non-antitrust case); Spencer v. Earley, Nos. 07-6248, 07-6418, 07-6460, 2008 WL 2076429 (4th Cir. 2008) (citing the Twombly decision in a § 504 Rehabilitation Act / Title II ADA case and finding that the dismissal of the complaint was inappropriate).

Applying the <u>Twombly</u> standard to the Defendant's Motion to Dismiss the retaliation second cause of action, this court believes that it should survive a motion to dismiss as it relates to Plaintiff's claim under § 1981.

Perhaps recognizing that the facts related to the denial of job training were sparsely pled or perhaps now knowing what the true facts are, the Plaintiff, in its Response to the Partial Motion to Dismiss, abandons his retaliation claim based upon Title VII. In fact, in his proposed Amended Complaint, the Plaintiff dropped the claim for retaliation in violation of Title VII and solely relies on § 1981. The Plaintiff asserts that his claim for retaliation based upon 42 U.S.C. § 1981(a) does state a claim upon which relief can be granted. The Plaintiff argues that in August of 2007 he did not receive a promotion in retaliation for his filing two charges with SHAC and that the Defendant's retaliation violated § 1981. In other words, in the Plaintiff's Response brief, he did not argue the Defendant's denial of job training was retaliatory. This Court agrees with the Plaintiff that, even setting aside the job training allegations, the Complaint does allege facts sufficient to state a claim for retaliation in violation of § 1981 based upon: the Plaintiff's filing two charges with SHAC on November 6, 2006, and on July 24, 2007; the Defendant's failure to promote Plaintiff in August of 2007 when he was qualified; a white individual who was less qualified was given that job; and the timing may be evidence of a casual connection. The timing issues among the charges with SHAC, the failure to promote, and when the Defendant learned about the Plaintiff's second SHAC charge should be issues for discovery.

## V.    MOTION TO AMEND COMPLAINT

As mentioned above, after the Defendant filed its Partial Motion to Dismiss portions of the Complaint, the Plaintiff filed a Motion to Amend Complaint with the proposed Amended Complaint

attached as an exhibit (Document #10).  On December 20, 2007, the Defendant filed a Response brief (Document # 15) requesting that this Court deny the Plaintiff's Motion to Amend, or in the alternative, stay the Motion to Amend until after the Court rules on its Partial Motion to Dismiss. The proposed Amended Complaint seeks to add several factual allegations, mostly related to job training, as detailed in the Factual History above.  Moreover, the proposed Amended Complaint changes the claim alleged in the second cause of action.  In the original Complaint, the alleged retaliation was in violation of 42 U.S.C. § 1981 and Title VII, while in the proposed Amended Complaint, the alleged retaliation is solely in violation of 42 U.S.C. § 1981.

Rule 15(a)(2) provides that "... a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires." Fed. R. Civ. P. 15.  A court may deny a motion to amend if "'the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" Steinburg v. Chesterfield Co. Planning Comm'n, 527 F.3d 377, 390 (4th Cir. 2008).  This court finds that leave should be given for the Plaintiff to file the proposed Amended Complaint with the caveat that the third cause of action for "breach of contract – bad faith" be stricken from the proposed Amended Complaint.  Any prejudice to Defendant is minimal and the new pleading will conform the Complaint to the current posture of the claims asserted.

## VI.     CONCLUSION

In light of the above analysis, it is recommended that the Defendant's Partial Motion to Dismiss (Document #4) be granted in part such that the third cause of action for "breach of contract – bad faith" be dismissed for failure to state a claim upon which relief can be granted and the Title VII claim for retaliation in the second cause of action be dismissed as abandoned, and that it be

denied in part such that the second cause of action for retaliation under § 1981 should proceed.  It

is further recommended that the Plaintiff's Motion to Amend (Document #10) be granted and that

the Plaintiff be instructed to file the proposed Amended Complaint after deleting the third cause of

action.


                                           s/Thomas E. Rogers, III
                                           Thomas E. Rogers, III
                                           United States Magistrate Judge

July 11, 2008
Florence, South Carolina

**The parties' attention is directed to the important notice contained on the following page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).