IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Ronnie Ford, | ) | C.A. No. 4:07-3734-TLW-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Musashi SC, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is now before the undersigned for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Thomas E. Rogers, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) (D.S.C.). In his Report, Magistrate Judge Rogers recommends that the defendant's Partial Motion to Dismiss be granted in part such that the third cause of action for "breach of contract-bad faith" be dismissed for failure to state a claim upon which relief can be granted and that the Title VII claim for retaliation in the second cause of action be dismissed as abandoned, and that [the partial motion to dismiss] be denied in part such that the second cause of action for retaliation under § 1981 should proceed. It is further recommended that the plaintiff's Motion to Amend be granted and that the plaintiff be instructed to filed the proposed Amended Complaint after deleting the third cause of action. (Doc. # 29). Plaintiff has filed objections to the Report. (Doc. # 30). Thereafter, defendant filed a reply to plaintiff's objections on August 7, 2008. (Doc. # 32). Plaintiff filed a supplement to his objections on August 14, 2008, and an additional letter on September 3, 2008. (Doc. # 33 & # 35).

Thereafter defendant filed a Reply to plaintiff's letter. (Doc. # 37).

In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections. . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

<u>Wallace v. Housing Auth. of the City of Columbia</u>, 791 F.Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of this standard, the Court has reviewed, <u>de novo</u>, the Report and the objections thereto. After careful review of all of the filings by the parties post-Report, it is apparent to the Court that the parties seem to be in agreement that the Report be accepted as written, with the exception that plaintiff's Title VII retaliation claim be included with his § 1981 claim alleging the same retaliation. In his objections, plaintiff indicates that he "only presents one issue for objection." Plaintiff indicates that he has not abandoned his Title VII Claim for retaliation but did not include it in his amended complaint because he had not yet received a right to sue from the EEOC regarding retaliation. In his objections, plaintiff requested that the Title VII claim (for retaliation) be dismissed without prejudice, as opposed to being found to be abandoned. Defendant responded and indicated that it requested that the Court affirm the Report with the exception that plaintiff's retaliation claim be permitted to be included with the § 1981 claim alleging the same retaliation. Thereafter, plaintiff notified the Court that he received the EEOC right to sue letter on July 25, 2008.

For the reasons articulated by the Magistrate Judge, it is hereby **ORDERED** that the Magistrate Judge's Report is **ACCEPTED,** in part as outlined herein. (Doc. # 29). Plaintiff's

objections are sustained as outlined above, as consented to by the defendant. (Doc. # 30). In accordance with the Report and the later filings by the parties, defendant's Partial Motion to Dismiss is granted in part such that the third cause of action for "breach of contract-bad faith" is dismissed for failure to state a claim upon which relief can be granted. In light of the agreement of the parties, the Title VII claim for retaliation in the second cause of action is <u>not</u> dismissed as abandoned, but is instead allowed to be included with Ford's § 1981 claim alleging the same retaliation. The defendant's Partial Motion to Dismiss is denied in part such that the second cause of action for retaliation under § 1981 should proceed. The plaintiff's Motion to Amend is granted, and plaintiff is instructed to filed the proposed Amended Complaint after deleting the third cause of action.

**IT IS SO ORDERED.**

 s/ Terry L Wooten
**TERRY L. WOOTEN**
**UNITED STATES DISTRICT JUDGE**

September 22, 2008
Florence, South Carolina

3